T.C. Memo. 2008-172

UNITED STATES TAX COURT

RAY JACKSON WINN AND MARGARET G. WINN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19007-06.                    Filed July 21, 2008.

Ray Jackson Winn and Margaret G. Winn, pro sese.

<u>K. Lyn Hillman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$1,657 in petitioners' 2004 Federal income tax.  The issue for
decision is whether petitioners had unreported cancellation of
debt income for 2004.  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Texas when they filed their petition.

Ray Jackson Winn (petitioner) had a credit card account with Providian Bank (credit card). Ray Jackson Winn (petitioner) incurred and then failed to pay a substantial amount of debt amassed on the credit card.[1] Providian Bank sold petitioner's credit card account to Chase Manhattan Bank USA, N.A. (Chase). Chase sued Ray Jackson Winn (petitioner) in the 216th Judicial District Court of Bandera County, Texas (district court), because it could not collect the credit card debt from him. Chase notified petitioner via certified mail of the motion for summary judgment that it had filed in the district court.

On August 1, 2003, the district court awarded Chase a judgment of $27,859.49, plus 7.99 percent interest per annum from March 29, 2002, to August 1, 2003, $7,167.65 for attorney's fees, and postjudgment interest of 10 percent per annum from August 1, 2003, to the date of payment which applied to the entire judgment

---

[1] The record is unclear as to the exact amount of the credit card debt before it went into collection.

award including attorney's fees (the judgment debt).  On March 19, 2004, Chase settled with petitioner for $19,021.50 as full payment for the judgment debt.  At the date of settlement, the face value of the judgment debt totaled approximately $40,000. Chase reported to the Internal Revenue Service (IRS) that petitioner had $11,044 of cancellation of debt income for 2004. Petitioners did not report any cancellation of debt income on their timely filed 2004 Form 1040, U.S. Individual Income Tax Return.

Respondent issued a notice of deficiency to petitioners for 2004 determining that the $11,044 reported by Chase as cancellation of debt income constituted unreported gross income.

OPINION

I.  Burden of Proof

Generally, a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous.  See Welch v. Helvering, 290 U.S. 111, 115 (1933). The U.S. Court of Appeals for the Fifth Circuit, where an appeal in this case lies, has recognized, however, that "a court need not give effect to the presumption of correctness in a case involving unreported income if the Commissioner cannot present some predicate evidence supporting its determination."  Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991), affg. in part, revg. in part and remanding in part T.C. Memo. 1990-68.  If

the presumption of correctness does not apply, the Commissioner's determination will be deemed arbitrary, and he will bear the burden of proving it correct.  See also secs. 7491(a), 6201(d).

Petitioners dispute the correctness of the notice of deficiency and argue that the IRS has not shown how it calculated the unreported income.

This case is distinguishable from Portillo v. Commissioner, supra.  In Portillo the IRS presented no evidence of the alleged underreported income other than the difference between Mr. Portillo's contractor's Form 1099 and Mr. Portillo's tax return. Here respondent has provided credit card records of the debt, copies of the district court judgment against petitioner, and copies of the checks petitioners sent to settle the debt with Chase.  Portillo dealt with a situation where the IRS did not supply predicate evidence of the unreported income.  This is not such a situation because respondent supplied predicate evidence supporting the notice of deficiency.  Therefore, petitioners still bear the burden of proof, and the notice of deficiency is presumed correct.

## II.  Cancellation of Debt Income

Gross income includes all income from whatever source derived.  Sec. 61(a).  Discharge of indebtedness is specifically included as an item of gross income.  Sec. 61(a)(12).  The difference between the face value of the debt and the amount paid

in satisfaction of the debt is in general includable in the taxpayer's gross income.  Babin v. Commissioner, 23 F.3d 1032, 1034 (6th Cir. 1994), affg. T.C. Memo. 1992-673.

Petitioners do not dispute that they had cancellation of debt income, only that respondent's calculation of $11,044 in cancellation of debt income was arbitrary and incorrect. However, this argument fails for the reasons set out below.

Petitioners do not dispute that petitioner incurred the credit card debt.  The district court entered the following judgment:

> CHASE MANHATTAN BANK USA, N.A. successor in interest to, a national banking association, does have and recover judgment from and against the Defendant, RAY J. WINN, in the sum and amount of $27,859.49, together with interest on said indebtedness at the rate of 7.99% per annum from March 29, 2002 until date of entry of this Judgment, plus $7,167.65 for Plaintiff's reasonable, statutory attorneys' fees and for all costs of court in this [sic] behalf expended, with interest on the entire amount at the rate of 10% per annum from date of judgment until paid; * * *

On the date of the judgment, without including any interest there was total judgment debt of at least $35,027.14.[2]  By March 19, 2004, petitioner's total judgment debt including interest totaled approximately $40,000.[3]  Petitioner settled with Chase on that

---

[2]  $27,859.49 plus $7,167.65 (attorney's fees) equals $35,027.14, plus costs (which are not listed and are not part of the record) in total judgment debt on the date the judgment was entered.

[3]  During the Tax Court trial Mr. Parsons, Chase's attorney

(continued...)

date for $19,021.50 as full satisfaction of that debt. When $19,021.50 is subtracted from either the approximate amount of the total judgment debt on March 19, 2004, or the amount as of the date the judgment was entered, there is at least $11,044 in cancellation of debt income. Petitioners have not made any arguments that any of the section 108 cancellation of debt exceptions applies. Therefore, we hold that respondent's determination is correct in that petitioners had at least $11,044 of cancellation of debt income.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[3](...continued)
in the district court case against petitioner, when asked about the full amount of petitioner's debt to Chase on the date of settlement testified that "The amount of the judgment, I am going to have to approximate, was $40,000. The settlement that was offered was 50 percent of the judgment balance."